## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LIFORME LTD., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 23-cv-14195 |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

### COMPLAINT

Plaintiff LIFORME LTD. ("LIFORME") hereby alleges as follows against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations and foreign entities identified on **Schedule A** attached hereto (collectively, "Defendants"):

### Introduction

1.      This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in the United States in connection with Plaintiff's copyright, specifically Plaintiff's U.S. Copyright Office Registration No. VA2-311-816 (the "LIFORME Copyright" or "LIFORME Copyright Registration"), and by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use unauthorized and unlicensed products that infringe Plaintiffs' patented designs for exercise mats, U.S. Patent Nos. US D785,105 and US D805,811 (the "LIFORME Patents" or "LIFORME Patent Registrations").

1

2.      The LIFORME Copyright is valid, subsisting, and in full force and effect. True and correct copy of the federal copyright registration as shown in the United States Copyright Office's Copyright Catalogue for the LIFORME Copyright is attached hereto as **Exhibit 1**.

3.      The LIFORME Patent Registrations are valid, subsisting, and in full force and effect. Plaintiff LIFORME is the owner and lawful assignee of all right title, and interest in and to the LIFORME Patents, which were duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the LIFORME Patents is attached hereto as **Exhibit 2**.

4.      Defendants are improperly advertising, marketing and/or selling unauthorized and illegal products (the "Counterfeit Products") embodying Plaintiff's copyright and/or Plaintiff's design patents by reference to and/or embodying the same design as the Plaintiff's genuine products (the "LIFORME Products"), which causes further confusion and deception in the marketplace.

5.      Defendants conduct this activity through their numerous fully interactive commercial Internet e-commerce stores operating under the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendants" or "Defendant Internet Stores"), including but not limited to the platforms Amazon.com ("Amazon") and eBay.com ("eBay").

6.      The Defendants' online marketplace accounts also share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences.

7.      Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of the LIFORME Copyright and LIFORME Patents, as well as to protect unknowing consumers from purchasing Counterfeit Products.

8.     As a result of Defendants' actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable copyright and goodwill and, therefore, seeks injunctive and monetary relief.

9.     As a result of Defendants' actions, Plaintiff has also been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design and, therefore, seeks injunctive and monetary relief.

10.    This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this Judicial District.

11.    In addition, each Defendant has offered to sell and ship infringing products into this Judicial District.

## Jurisdiction and Venue

12.    This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331, and over the patent infringement claim arising under the patent laws of the United States pursuant to 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

13.    This Court has jurisdiction over the unfair deceptive trade practices claim in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

14.    This Court has personal jurisdiction over each Defendant, in that, upon information and belief, Defendants regularly conduct, transact and/or solicit business in Illinois and in this Judicial District, and/or derive substantial revenue from business transactions in Illinois and in this Judicial District and/or otherwise avail themselves of the privileges and protections of the laws of the State of Illinois such that this Court's assertion of jurisdiction over Defendants does not offend

traditional notions of fair play and due process, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in Illinois and in this Judicial District such that Defendants should reasonably expect such actions to have consequences in Illinois and this judicial District, for example:

a.    Defendants' Merchant Storefronts accept orders of Counterfeit Products from and offer shipping to Illinois addresses located in this judicial District.

b.    Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including those in Illinois, in this Judicial District, through accounts (the "User Accounts(s)") with online marketplace platforms including but not limited to eBay and Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, through which consumers in the U.S., including Illinois (and more particularly, in this Judicial District), can view the one or more of Defendants' online marketplace accounts that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products (as defined *infra*) and to place orders for, receive invoices for and purchase Counterfeit Products for delivery in the U.S., including Illinois (and more particularly, in this Judicial District), as a means for establishing regular business with the U.S., including Illinois (and more particularly, in this Judicial District).

c.    Upon information and belief, Defendants have transacted business with consumers located in the U.S., including Illinois (and more particularly, in this Judicial District), for the sale and shipment of Counterfeit Products.

15.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of copyright infringement and patent infringement in this Judicial District, do substantial business in the Judicial District, have registered agents in this Judicial District, and reside or may be found in this district.

**The Plaintiff**

16.     Plaintiff LIFORME is a corporation incorporated under the laws of United Kingdom with offices in London, England and is the owner of the LIFORME Copyright Registration, with its federal registration attached as Exhibit 1 and of the LIFORME Patent Registrations, with its federal registrations attached as Exhibit 2.

17.     LIFORME makes its products, including its LIFORME Products, available across the globe including in thousands of boutiques, specialty shops and major retailers.  LIFORME has earned an international reputation for quality, reliability and high performance yoga equipment and is credited for a substantial breakthrough in the yoga industry in relation to yoga mats, especially its LIFORME Products in particular.

**The LIFORME Products**

18.     In May of 2013, Mr. James Armitage, founder of LIFORME, conceived, designed, caused to subsist in material form, and first published the original LIFORME Product, with its unique "AlignForMe" system and revolutionary "GripForMe" material.   Simultaneously, LIFORME began to commercialize the LIFORME Product and expanded its range, instantly attracting substantial international media attention and success.  In less than 4 years, LIFORME was shipping its innovative and market-leading LIFORME Yoga Mats to people in over 85 countries and in every single US state.

19.     In 2017 LIFORME obtained its design patent registrations for its LIFORME Products through U.S. Patent and Trademark Office Registration Nos. US D785,105 and US D805,811. Plaintiff LIFORME is the owner and lawful assignee of all right title, and interest in and to the LIFORME



20.    In 2022 LIFORME obtained its copyright registration for its LIFORME Products through U.S. Copyright Office Registration No. VA2-311-816.  Exemplary units of each of the LIFORME Products for which a copyright registration has been registered have been deposited with the United States Copyright Office and remain available for inspection there.



21.    For ease of reference, the pictures below reflect relevant exemplary LIFORME Products for which patent and copyright protection has been obtained, and which still remain available for sale today as part of the wider LIFORME Product range:







22.     From the date of the first LIFORME's creation to the present, LIFORME is and has been the official source of the genuine LIFORME Products in the United States.

23.     LIFORME has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the LIFORME Products. As a result, products embodying the LIFORME Copyright and LIFORME Patents are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from LIFORME.

24.     LIFORME owns all rights, including without limitation, the rights to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending, in the LIFORME Copyright and LIFORME Patents as the owner of those Copyright and Patents.

### The Defendants

25.     Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China or other foreign jurisdictions.  Defendants conduct business throughout the United States including within Illinois and in this Judicial District, through the operation of fully interactive commercial websites and online marketplaces operating under

the Defendant Internet Stores.  Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit LIFORME Products to consumers within the United States, including Illinois and in this Judicial District.

### The Defendants' Unlawful Conduct

26.     The success of the LIFORME Products has resulted in significant counterfeiting.

27.     Plaintiff has identified numerous Defendant Internet Stores linked to fully interactive websites and marketplace listings offering for sale, selling, and importing counterfeit LIFORME Products to consumers in this Judicial District and throughout the United States.

28.     Defendants have persisted in creating such online marketplaces and internet stores, like the Defendant Internet Stores.  In fact, such online marketplaces and stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price ("MSRP") of goods seized by the U.S. government in fiscal year 2017 was over $1.2 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

29.     On personal knowledge and belief, Defendants facilitate sales by designing the Defendants' Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine LIFORME Products.

30.     Many of the Defendants' Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, and PayPal. Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website.

31.     Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to

associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

32.    Plaintiff has not licensed or authorized Defendants to use the LIFORME Copyright and/or LIFORME Patents, and none of the Defendants are authorized retailers of genuine LIFORME Products.

33.     On personal knowledge and belief, Defendants deceive unknowing consumers by using the LIFORME Copyright Registration and LIFORME Patent Registrations without authorization within the product descriptions of their Defendant Internet Stores to attract customers, as well as embodied by the counterfeit products themselves.

34.    On personal knowledge and belief, Defendants also deceive unknowing consumers by using unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine LIFORME Products.

35.    Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down. As such, Plaintiff also seeks to disable the domain names owned and/or operated by Defendants that are the means by which the Defendants could continue to sell counterfeit LIFORME Products into this District.

36.    On information and belief, Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores.

37.    For example, it is common practice for counterfeiters to register their Defendant Internet Stores with incomplete information, randomly typed letters, or omitted cities or states.

38.    On personal knowledge and belief, even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendants' Internet Stores.  For example, some of the Defendant Internet Stores have virtually identical layouts, even though different aliases were used to register the respective domain names.

39.     In addition, the Counterfeit Products for sale in the Defendants' Internet Stores bear similarities and indicia of being related to one another, suggesting that the Counterfeit Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

40.     The Defendants' Internet Stores also include other notable common features, including accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

41.     In addition, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new online marketplace accounts under User Accounts once they receive notice of a lawsuit.[1]

42.     Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners.[2]

43.     Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

---

[1]     https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumers-about-counterfeit-goods-during (noting counterfeiters are adept at "setting up online stores to lure the public into thinking they are purchasing legitimate good on legitimate websites") (last visited September 15, 2022).

[2] While discussed in the context of false pharma supply chains, rogue internet servers and sellers are a well-known tactic that have even been covered in congressional committee hearings. https://www.govinfo.gov/content/pkg/CHRG-113hhrg88828/html/CHRG-113hhrg88828.htm (last visited September 15, 2022).

44. Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts.

45. On personal knowledge and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts outside the jurisdiction of this Court.

46. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the LIFORME Copyright and/or LIFORME Patents in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Products into the United States and Illinois over the Internet.

47. Each Defendant Internet Store offers shipping to the United States, including Illinois (in this Judicial District) and, on information and belief, each Defendant has offered to sell counterfeit LIFORME Products into the United States, including Illinois (in this Judicial District).

48. Defendants' use of the LIFORME Copyright and/or LIFORME Patents in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

49. Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of Plaintiff's ownership of the LIFORME Copyright and/or LIFORME Patents, of the fame and incalculable goodwill associated therewith and of the popularity and success of the LIFORME Products, and in bad faith proceeded to manufacture, market, develop, offer to be sold, and/or sell the Counterfeit Products.

50. Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to

Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff and the LIFORME Products.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101, et seq.)**
**[Against Defendants Designated in Schedule A to the Complaint]**

51.     Plaintiff hereby repeats and incorporates by reference herein the allegations set forth in paragraphs 1-50 of this Complaint.

52.     Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the copyrighted LIFORME Products in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending, in the LIFORME Copyright, as the owner thereof.

53.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the LIFORME Copyright without Plaintiff's permission.

54.     Defendants had access to the LIFORME Products incorporating Plaintiff's registered copyright before Defendants created their online marketplace accounts.

55.     Upon information and belief, Defendants have directly copied the LIFORME Copyright.

56.     Alternatively, Defendants' representations of Plaintiff's Copyright for the LIFORME Products in the online marketplace accounts are strikingly similar, or at the very least substantially similar to the LIFORME Copyright, and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiff's Copyright.

57.     As just one example, Defendants deceive unknowing consumers by using the LIFORME Copyright without authorization within the product descriptions of their online marketplace accounts to attract customers as follows:

**Exemplary Infringing Product Sold on Defendant Internet Store**



58.     Defendants' exploitation of Plaintiff's copyright constitutes infringement of Plaintiff's LIFORME Copyright Registration.

59.     On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyright.

60.     Each Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiff made and distributed in the United States, including this District, caused to be made and distributed in the United States, including this District, and aided, abetted, contributed to, and participated in the unauthorized making and distribution of Counterfeit Products.

61.     Each Defendant either knew, or should have reasonably known, that Plaintiff's LIFORME Products were protected by copyright and their representations infringed on Plaintiff's Copyright.   Each Defendant continues to infringe upon Plaintiff's rights in and to the various copyrighted works.

62.     As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

63.     In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). Each Defendant should be required to account for all gains, profits, and advantages derived by each Defendant from their acts of infringement.

64.     In the alternative, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

65.     Plaintiff is entitled to, and may elect to choose, injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing work and for an order under 17 U.S.C. § 503 that any of Defendants' infringing products be impounded and destroyed.

66.     Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

67.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputation and the goodwill of its well-known LIFORME Copyright.

**SECOND CAUSE OF ACTION**
**DESIGN PATENT INFRINGEMENT**
**(35 U.S.C. § 271)**
**[Against Defendants Designated in Schedule A]**

68.     Plaintiff hereby repeats and incorporates by reference herein the allegations set forth in paragraphs 1-50 of this Complaint.

69.     Defendants are and have been making, using, selling, offering for sale, and/or importing into the United States for subsequent sale or use, without authority, Infringing Products that infringe directly and/or indirectly the LIFORME Patents.

70.     For example, below is a comparison of figures from Plaintiff's LIFORME Patents and images of one of Defendants' Infringing Products sold on a Defendant Internet Store.

**Figures from the LIFORME Patents**



**Exemplary Infringing Product Sold on Defendant Internet Store**



71. Defendants' activities constitute willful patent infringement and counterfeiting under 35 U.S.C. § 271.

72. Defendants have infringed the Plaintiff's LIFORME Patents through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has

16

caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

73.     Plaintiff is entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. §§ 284 289, including Defendants' profits.

## THIRD CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))
### [Against Defendants Designated in Schedule A]

74.     Plaintiff repeats and incorporates by reference herein its allegations set forth in paragraphs 1-50 of this Complaint.

75.     Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit Products by Plaintiff.

76.     By using the LIFORME artwork and designs in connection with the sale of Counterfeit Products embodying the LIFORME Copyright Registration and/or LIFORME Patent Registrations, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

77.     Defendants' conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Products to the general public under 15 U.S.C. §§ 1114, 1125.

78.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputation and the goodwill of their brand.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510/1, et seq.)**
**[Against Defendants Designated in Schedule A]**

79.     Plaintiff hereby repeats and incorporates by reference herein the allegations set forth in paragraphs 1-50 of this Complaint.

80.     Plaintiff has not licensed or authorized Defendants to use the LIFORME Copyright and/or LIFORME Patents, and none of the Defendants are authorized retailers of genuine LIFORME Products.

81.     Defendants knowingly and intentionally trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's LIFORME Copyright and/or LIFORME Patents.

82.     Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the quality, affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit products by Plaintiff.

83.     Defendants knew, or should have known, that their promotion, marketing, offering for sale, and sale of counterfeit LIFORME Products has caused and will continue to cause confusion, mistake, and deception among purchasers, users, and the public.

84.     In fact, Defendants have fraudulently represented by their statements and actions that the Counterfeit Products are Plaintiff's products including, for example, by: (i) using SEO tactics and social media to misdirect customers seeking LIFORME Products to Defendants' online marketplace accounts; (ii) using deceptive advertising practices within the text and metadata of the online marketplace accounts; and (iii) taking other steps to deceive and confuse the consuming public.

85.     On information and belief, Defendants' conduct is willful and intentional as Defendants attempt to avoid liability by concealing their identities, using multiple fictitious names

18

and addresses to register and operate their illegal counterfeiting operations and Defendant Internet Stores.

86.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a.     making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the designs claimed in the LIFORME Patents;

   b.     using the LIFORME Copyright or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine LIFORME Product or is not authorized by Plaintiff to be sold in connection with the LIFORME Copyright;

   c.     passing off, inducing, or enabling others to sell or pass off any product as a genuine LIFORME Product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the LIFORME Copyright and/or LIFORME Patents;

d. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

e. further infringing the LIFORME Patents and/or LIFORME Copyright and damaging Plaintiff's goodwill;

f. otherwise competing unfairly with Plaintiff in any manner;

g. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which copy the LIFORME Copyright and/or LIFORME Patents or any reproductions, counterfeit copies, or colorable imitations thereof;

h. using, linking to, transferring, selling, exercising control over, or otherwise owning any online marketplace accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products; and

i. operating and/or hosting online marketplace accounts at the Defendant Internet Stores that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying the LIFORME Copyright Registration and/or LIFORME Design Patent Registrations or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine LIFORME Product or not authorized by Plaintiff to be sold in connection with the LIFORME Copyright and/or LIFORME Patents.

2. Entry of an Order that any online marketplace account provider:

     a.     disable and cease providing services for any accounts through which Defendants engage in the sale of Counterfeit Products, including any accounts associated with the Defendants listed on Schedule A;

     b.     disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Products; and

     c.     take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

3.     That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged.

4.     In the alternative, that Plaintiff be awarded statutory damages of not less than $750 and not more than $30,000 for each and every infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement;

5.     That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the LIFORME Patents, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

6.     That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of Plaintiff's LIFORME Patents be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

7.       In the alternative, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of Plaintiff's LIFORME Patents, pursuant to 35 U.S.C. § 289;

8.       That Plaintiff be awarded its reasonable attorneys' fees and costs; and

9.       Award any and all other relief that this Court deems just and proper.

Dated:  September 27, 2023                Respectfully submitted,

By: /s/ *Brittany Zoll*

Brittany Zoll (NDIL #5478672)
Rossana Baeza (NDIL #1007668)
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
bzoll@bsfllp.com
rbaeza@bsfllp.com

*Attorneys for Plaintiff LIFORME LTD.*